# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| KEVIN DONDI CRAIG,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C11-3057-LRR<br>No. CR09-3013-LRR<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on Kevin Dondi Craig's motion to vacate, set aside or correct sentence (civil docket no. 1), motion to amend (civil docket no. 4), second motion to amend (civil docket no. 5) and motion to order the government to respond (civil docket no. 6). Kevin Dondi Craig ("the movant") filed his motion to vacate, set aside or correct sentence on October 31, 2011, motion to amend on January 22, 2013, second motion to amend on July 3, 2013 and motion to order government to respond on August 22, 2013. For the following reasons, the movant's 28 U.S.C. § 2255 motion and related motions shall be denied. In addition, a certificate of appealability shall be denied.

## II. ANALYSIS

### A. Motion to Amend, Second Motion to Amend and Motion to Order Government to Respond

The movant asks the court to take notice of his achievements while in prison and to consider whether *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), impacts his sentence. Some of the movant's contentions do not provide a proper basis by which the court is authorized to grant relief and some of his contentions are untimely and do not relate to his original claims. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th

Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment); *see also Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57). Given the record, it is improper for the court to consider the additional contentions. Accordingly, the movant's motion to amend (civil docket no. 4) and second motion to amend (civil docket no. 5) shall be denied.

As to the movant's request to order the government to respond, no response from the government is required because the motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Accordingly, the movant's motion to order the government to respond (civil docket no. 6) shall be denied.

### B. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure."

*Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, movants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [movant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24;

3

*see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[1]

### C. Standards Applicable to Sixth Amendment

The Sixth Amendment to the United States Constitution provides in pertinent part that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 356-57, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court explained that a violation of that right has two components:

> First, [a movant] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [movant] by the Sixth Amendment. Second, [a movant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [movant] of a fair trial, a trial whose result is reliable.

*Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim [need not] address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose

---

[1] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also Apfel*, 97 F.3d at 1076 ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

To establish unreasonably deficient performance, a movant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for [a movant] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.* at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id.*

### *D. Evidentiary Hearing*

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve all of the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)).

The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that counsel represented the movant in a manner that exceeded constitutional requirements. As such, the court finds that there is no need for an evidentiary hearing.

### E. Claims

The court thoroughly reviewed the record and finds that the denial of the movant's 28 U.S.C. § 2255 motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). It is not subject to debate that the movant knowingly and voluntarily pleaded guilty pursuant to a plea agreement that he entered into with the government. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'"); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction). Further, it is evident that the movant never faced a mandatory minimum term of imprisonment, the court discussed a wide range of possible sentences that the movant faced during his change of plea hearing, the movant's sentence is not disparate, especially considering his total adjusted offense level of 29 and his criminal history category of III, and the court appropriately sentenced the movant after considering all of the factors under 18 U.S.C. § 3553(a). The court's application of the advisory sentencing guidelines and consideration of the parties' filings, which included the sentencing exhibits that were offered by the movant, and arguments violated no

constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)).

In addition, the court did not abuse its wide discretion when it imposed the following special conditions of supervised release:

> 9. The [movant] shall participate in a mental health evaluation and/or treatment program. This may include participation in a sex offender treatment program or any such similar program offered in his . . . approved district of residence. The [movant] must take all medications prescribed to him . . . by a licensed psychiatrist or physician.
>
> 10. The [movant] shall have no contact with children under the age of 18 (including through letters, communication devices, audio or visual devices, visits, electronic mail, the Internet, or any contact through a third party) without the prior written consent of the probation office.
>
> 11. The [movant] is prohibited from places where minor children under the age of 18 congregate, such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools without the prior written consent of the probation office.
>
> 12. The [movant] shall remain in compliance with all sex offender registration and public notification requirements in accordance with the Adam Walsh Child Protection and Safety Act of 2006. He shall meet with an appropriate official from either the Bureau of Prisons or the U.S. Probation Office who must explain to him all of his registration requirements. He must read and sign the Offender Notice and Acknowledgment of Duty to Register as a Sex Offender Form.
>
> 13. The [movant] shall have no contact during his term of imprisonment or his term of supervision with the victims of the instant offense and victims of his past criminal sexual offenses, in person or by a third party.

> This includes no direct or indirect contact by telephone, mail, email, or by any other means. This includes Chelsea Walters, Holland Craig, Cory Sawvel, Keven Sawvel, and Cory and Kevin Sawvel's nephew (J.J.).

Those conditions are reasonably related to the nature and circumstances of the movant's offense, the movant's history and characteristics and the need to deter and protect the public from future criminal conduct, and they do not involve a greater deprivation of the movant's liberty than is necessary. *See* USSG §5D1.3(b); 18 U.S.C. § 3583(d); *United States v. Heidebur*, 417 F.3d 1002, 1004-06 (8th Cir. 2005); *United States v. Scott*, 270 F.3d 632, 633-36 (8th Cir. 2001); *United States v. Prendergast*, 979 F.2d 1289, 1292-92 (8th Cir. 1992). Indeed, the movant has a history of past sexual offenses, including convictions in 2002 for which he was already required to comply with sex offender registration requirements, and, at a minimum, the events that occurred on November 24, 2008, include sexual and violent overtones.

Lastly, it is apparent that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and any deficiencies in counsel's performance did not prejudice the movant's defense, *id*. at 692-94. The movant's claims regarding ineffective assistance of counsel are devoid of merit. Contrary to the movant's assertions, counsel did not fail to consider a viable defense, counsel did not fail to raise any viable sentencing argument and counsel made appropriate decisions. During his change of plea hearing, the movant stated that he was more than satisfied with counsel's representation. In light of the facts that the movant admitted when he signed his plea agreement, pleaded guilty and filed the instant action, the movant's assertion that a justification defense existed as to the offense of conviction is frivolous, and counsel wisely opted only to mention justification when discussing the application of USSG §2K2.1(b)(6). Assuming a justification defense could have been legally asserted by the movant, it cannot be said that a jury would have believed that the movant had a well-grounded apprehension of death or serious bodily injury, that the

movant had not recklessly placed himself in a situation where it was probable he would be forced to engage in criminal conduct or that the movant had no reasonable alternative to violating the law. Prior to and during the sentencing hearing, counsel successfully argued that the movant had not obstructed justice and was entitled to downward adjustment for acceptance of responsibility. Consequently, counsel argued that the movant should be sentenced at the bottom of the sentencing guideline range, that is, 108 to 120 months imprisonment, and counsel made reasonable arguments in support of such sentence. Nevertheless, the movant's own criminal history and characteristics dictated the outcome. There is no credible basis to conclude that counsel's investigation regarding possible witnesses who might support a justification defense was inadequate or that counsel should have interviewed and called witnesses in an attempt to cast doubt on Chelsea Walters' testimony and to convince the court that it should not apply USSG §2K2.1(b)(6). And, the movant's assertions as to the failure to raise the special conditions of supervised release and the application of USSG §2K2.1(b)(6) on direct appeal are without merit, especially considering the record and the claims that were raised. Moreover, the movant's assertions as to what counsel did or failed to do would not have changed the outcome. This is especially so because the court adamantly indicated that a 120 month term of imprisonment was the appropriate sentence for the movant.

In sum, the alleged errors that are asserted by the movant do not warrant relief under 28 U.S.C. § 2255. The movant's claims are baseless. None of the movant's assertions in support of his request for relief lead the court to conclude that a violation of the Constitution occurred. Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

### F. *Certificate of Appealability*

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's motion to amend (civil docket no. 4), second motion to amend (civil docket no. 5) and motion to order the government to respond (civil docket no. 6) are DENIED.

2) The movant's 28 U.S.C. § 2255 motion (civil docket no. 1) is DENIED.

3) A certificate of appealability is DENIED.

**DATED** this 17th day of October, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA